**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No: 8:18-cr-229-MSS-CPT**

**ALBERTO ENRIQUE ANGULO GUALE,**

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant Alberto Enrique Angulo Guale's Motion for Compassionate Release. (Dkt. 377) The Government has not responded to the Motion, and the time for it to do so has expired. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion for Compassionate Release.

On August 7, 2018, Defendant pled guilty to one count of possession with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and 21 U.S.C. § 960(b)(1)(B)(ii). (Dkts. 135, 138, 140, 164) On November 2, 2018, the Court sentenced Defendant to one hundred thirty-five (135) months imprisonment, with credit for time served since the date of arrest on May 11, 2018. (Dkt. 252) Defendant is 41 years old and is incarcerated at Rochester FMC. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed August 1, 2026). He has served approximately 98 months of his custodial sentence. Id.

Defendant previously moved for a reduction of his sentence pursuant Amendment 821. (Dkt. 360) On August 8, 2024, the Court denied Defendant's motion for a reduction of his sentence under Amendment 821, finding that he was ineligible because a reduction to his sentence would be inconsistent with the applicable policy statements for Amendment 821. (Dkt. 372) Specifically, the Court found that "[r]etroactive application of the Amendment would lower the Defendant's applicable guideline range to 135 to 168 months; however, the Defendant already received a sentence that was equal to or less than the minimum of the amended guideline range as adjusted by a comparable substantial assistance departure, if applicable." (Id.) "Defendant's original guideline range was 168 to 210 months, but Defendant was sentenced to a term of 135 months." (Id.) Because the applicable policy statements for Amendment 821 prevent a court from reducing the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, the Court determined that Defendant was ineligible for a reduction. (See id.)

In the instant Motion, Defendant requests the Court grant him compassionate release because there are sentencing disparities between him and his co-defendants and because Defendant is ineligible for home confinement or a half-way house due to his immigration status. (Dkt. 378)

A district court may reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, the defendant must have "fully exhausted all administrative rights to appeal

a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. at § 3582(c)(1)(A). More than 30 days elapsed between the warden's receipt of Defendant's request for sentence reduction on September 13, 2024 and the instant Motion filed October 29, 2024. (Dkt. 378) Accordingly, the Court reviews Defendant's Motion and the Supplement on their merits.

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." Id. The Sentencing Commission's existing policy statement on compassionate release is U.S.S.G. § 1B1.13. The policy statement defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) and it is binding on this Court. United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to § 1B1.13, the following circumstances may render a defendant eligible for a sentence reduction: (1) serious medical circumstances of the defendant; (2) advanced age, resulting in a serious deterioration in physical or mental health, where the defendant has served the lesser of at least 10 years or 75 percent of the term of imprisonment; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member or similar individual; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced; (5) other circumstance or combination of circumstances that, when considered by

themselves or together with any of the reasons described in (1) through (4), are similar in gravity to those described in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years' imprisonment and a change in the law would produce a gross disparity between the defendant's sentence and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)–(6).

Even when an extraordinary and compelling reason exists, however, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. U.S.S.G. § 1B1.13(a)(2). Additionally, the court must consider, in general, whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. In seeking compassionate release, the defendant "bears the burden of establishing that compassionate release is warranted." United States v. Heromin, No. 11-cr-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing United States v. Hamilton, 715 F.3d 328, 341 (11th Cir. 2013)). Even if a defendant meets that burden, "the district court still retains the discretion to determine whether a sentence reduction is warranted." Hamilton, 715 F.3d at 341.

First, Defendant contends he is eligible for a sentence reduction because there are sentencing disparities between him and his codefendants. Namely, Defendant asserts that he is the least culpable of his co-defendants, yet his co-defendants have either obtained treaty-transfer (and thus have been released from custody) or obtained sentence modification from this Court. Thus, Defendant asserts it is unjust to require him to serve with sentence without any reduction, and that this qualifies as an extraordinary and compelling reason under 18 U.S.C. 3582(c)(1)(A).

The Defendant is mistaken as the Court has not reduced any of Defendants' co-defendants' sentences. While certain co-defendants may have been released from incarceration, those individuals may have been afforded relief through immigration authority or received shorter sentences than Defendant based on the Court's consideration of the § 3553(a) factors. Ultimately, a sentencing disparity between co-defendants does not qualify as an extraordinary and compelling reason to reduce his sentence.[1]

Next, Defendant asserts that his sentence should be reduced because his immigration status renders him ineligible for home confinement or a half-way house, which could have allowed him to be released earlier. Defendant also suggests he should be granted compassionate release because his immigration status precludes him from receiving the benefit of any FSA credits (because the BOP's policy of denying the application of these credits for inmates with immigration detainers and expected final orders of removal).

Unfortunately, Defendant's claim that he is being treated in a disparate manner because he will not receive FSA credit due to immigration status is not one of the enumerated bases for the grant of compassionate release, even as recently expanded.

---

[1] The need to avoid *unwarranted* sentencing disparities may be considered as one of the § 3553(a) factors *after* a defendant has established extraordinary and compelling reasons for a reduction in his or her sentence. See, e.g., United States v. Jackson, No. 2:01-cr-7-KD-N, 2026 WL 2019881, at *5 (S.D. Ala. July 13, 2026) ("The need to avoid unwarranted sentencing disparities among codefendants is a factor the Court may consider if the Court finds that the movant has established an extraordinary and compelling reason for a reduction of sentence or compassionate release.").

The Court need not address the § 3553(a) factors because Defendant is not entitled to consideration for Compassionate Release on the grounds asserted.

Accordingly, it is hereby **ORDERED** that Defendant Alberto Enrique Angulo Guale's Motion for Compassionate Release, (Dkt. 377), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person